IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

COREY MANDRELL TURNER                                                                  PLAINTIFF

v.                                         Civil No.: 6:19-CV-6016

JASON WATSON (Clark County Sheriff),                                                  DEFENDANTS
RAY WINGFIELD (Chief of Police), JOHN
DOE (Arresting Officer, Arkadelphia City
Police, Clark County).

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any Complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a)

### I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on January 24, 2019. (ECF No. 1).  It was transferred to this District on February 7, 2019. (ECF No. 4).  On February 8, 2019, the Court entered an Order directing Plaintiff to file an Amended Complaint.  (ECF No. 7). Plaintiff did so on February 19, 2019.  (ECF No. 8).

Plaintiff alleges Defendant violated his constitutional rights on November 7, 2018, when they arrested him eight days before he was to report for a twenty-year sentence in the Arkansas

1

Department of Correction ("ADC"). (ECF No. 8 at 3, 8-10). Plaintiff alleges that on November 7, 2018, he was on house arrest with an ankle monitor. (*Id*. at 3, 8-9). He called Arkadelphia 911 to report the presence of an unwanted person in his house and that someone had put sugar water in the gas tank of his vehicle. (*Id*. at 8). When the police arrived, they arrested him, telling he was being taken for evaluation and that they were "just following orders." (*Id*. at 9). He was placed in the visitation room for a few hours, at which time Jail Administrator Barnes told him his bond was being revoked. (*Id*.). When Plaintiff protested, stating that it was part of his plea agreement that he be released on an ankle monitor until November 15, 2018, Barnes told him "at least you['re] not getting a new charge." (*Id*. at 10). Plaintiff alleges he was then transported to the ADC somewhere between three days and forty hours after the arrest.[1] (*Id*.).

Plaintiff believes his bond was revoked by Defendants in retaliation for filing a § 1983 case with this Court in *Turner v. Watson*, case number 6:18-cv-06068. Plaintiff filed this prior § 1983 case against Sheriff Watson, Jail Administrator Barnes, and other Defendants on August 6, 2018. The case was served on August 7, 2018, and the Answer was filed on August 30, 2018.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] A review of Plaintiff's Clark County records indicates he plead guilty to a felony drug charge in case number 10CR-18-82 on October 9, 2018. The sentencing order was filed on October 30, 2018. Attached to the sentencing order were Plaintiff's special conditions of probation. Among other items, he was to report to the Sheriff's Office on the morning of November 15, 2018, and was to remain on electronic monitoring until that time. (Records available at Arkansas Court Connect, last accessed Mar. 31, 2019). ADC records indicate Plaintiff was processed as a new commitment on November 8, 2018.

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff failed to state any cognizable official capacity claims. Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Plaintiff failed to allege any custom or policy of Clark County which violated his rights. He therefore failed to allege any cognizable official capacity claims.

## IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's official capacity claims be DISMISSED WITHOUT PREJUDICE.  His personal capacity claims remain for consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **24th day of April 2019**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

.