IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

COREY MANDRELL TURNER                                                    PLAINTIFF

v.                                          Case No. 6:19-cv-6016

JASON WATSON, Clark County Sheriff                            DEFENDANT

**ORDER**

      Before the Court is the Report and Recommendation filed February 12, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 67). Judge Bryant recommends that Plaintiff Corey Mandrell Turner's Motion for Summary Judgment (ECF No. 52) be denied and that Defendant Jason Watson's Motion for Summary Judgment (ECF No. 55) be granted. Plaintiff has filed objections to the Report and Recommendation. (ECF No. 71). The Court finds this matter ripe for consideration.

**BACKGROUND**

      This is a civil rights action brought pursuant to 42 U.S.C. §1983. Plaintiff alleges that his Fourth and Fourteenth Amendment rights were violated when he was arrested eight days before he was to report for a twenty-year sentence in the Arkansas Department of Correction ("ADC").

      On November 6, 2018, Plaintiff was at his residence on house arrest pursuant to a negotiated plea deal.[1] At approximately 3:44 p.m., Plaintiff called 911, stating that his wife and eight-year-old daughter were sneaking unknown men into his house and that he wanted police to remove the intruders. The Arkadelphia Police Department responded to the call and made contact with Plaintiff's wife and mother. They learned that Plaintiff was off his mental health medication, had "torn up" the house, and was experiencing hallucinations. Plaintiff's wife and mother advised

---

[1] Under the terms of the plea deal, Plaintiff was to surrender himself into ADC custody on November 15, 2018.

that they no longer felt that Plaintiff could safely remain at the residence. The Arkadelphia Police Department then contacted Defendant, the Clark County Sheriff, to request backup from the Clark County Sheriff's Department.

Defendant called Dan Turner, the prosecuting attorney on Plaintiff's underlying criminal case. Turner was in court with Clark County Circuit Judge Greg Vardaman and Defendant's public defender.[2] After meeting with Turner and Plaintiff's public defender, Judge Vardaman issued a verbal order, instructing Defendant to take Plaintiff into custody. Plaintiff's house arrest was terminated because he could no longer remain at his residence and he was taken into ADC custody.

On January 24, 2019, Plaintiff brought this action alleging that his Fourth and Fourteenth Amendment rights were violated when he was arrested, and his house arrest was terminated. The parties have filed cross-motions for summary judgment. On February 12, 2020, the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, entered a Report and Recommendation in this matter. Judge Bryant recommends that Plaintiff's Motion for Summary Judgment (ECF No. 52) be denied and that Defendant's Motion for Summary Judgment (ECF No. 55) be granted. Plaintiff objects.

**DISCUSSION**

Plaintiff makes three objections to the Report and Recommendation. First, Plaintiff argues that Judge Bryant erred in considering affidavits from Dan Turner, Brady Harmon,[3] and Defendant. Second, Plaintiff argues that Judge Vardaman's verbal order is insufficient to confer quasi-judicial immunity onto Defendant. Finally, Plaintiff argues that Judge Bryant incorrectly

---

[2] Dan Turner, Judge Vardaman, and Plaintiff's public defender are not defendants in this action.
[3] Brady Harmon is the owner and president of Southwest Probation Services, Inc., the company that provided Plaintiff's ankle monitor while he was on house arrest.

found that he was not deprived of a liberty interest when he was arrested. The Court addresses each of these arguments below.

### A. Defendant's Affidavits

Judge Bryant, relying in part on affidavits from Dan Turner, Brady Harmon, and Defendant, found that Defendant is entitled to quasi-judicial immunity because Judge Vardaman terminated Plaintiff's house arrest and ordered Defendant to have the Clark County Sheriff's Department take Plaintiff into custody. Plaintiff argues that Turner and Harmon's affidavits should not have been considered because Defendant failed to properly disclose Turner and Harmon during discovery. Plaintiff further contends that Judge Bryant should not have considered Defendant's own affidavit because its contents conflict with Defendant's answers to interrogatories.

The Court need not address whether Turner and Harmon's affidavits were properly before Judge Bryant because as discussed below, other evidence in the summary judgment record supports a finding of quasi-judicial immunity. The Court has reviewed Defendant's own affidavit and his responses to Plaintiff's interrogatories. Defendant was responsive to the interrogatories, and the information in Defendant's affidavit is consist with his responses. Therefore, the Court finds that Defendant's affidavit was properly before Judge Bryant.

In *Duba v. McIntyre*, 501 F.2d 590, 592 (8th Cir. 1974), the Eighth Circuit held that a "quasi-judicial form of immunity is extended to police and other court officers for purely ministerial acts where they do nothing other than perform orders issuing from a court." Plaintiff does not controvert that Judge Vardaman issued a verbal order directing Defendant to arrest him. Defendant's affidavit taken in combination with repeated references to Judge Vardaman's order on body camera footage from the arresting officers is sufficient to support Judge Bryant's

3

conclusion that Defendant is entitled to quasi-judicial immunity for carrying out Judge Vardaman's order. Accordingly, the Court finds that Plaintiff's objection should be overruled.

**B. Judge Vardaman's Order**

Judge Bryant recommends that Defendant be granted quasi-judicial immunity because he was carrying out Judge Vardaman's verbal order to arrest Plaintiff. Defendant objects to this finding, arguing that a judicial order must be reduced to writing to confer quasi-judicial immunity.

The Court agrees with Judge Bryant. A judicial order need not be in writing to confer quasi-judicial immunity. *See, e.g.*, *Martin v. Hendren*, 127 F.3d 720, 721-22 (8th Cir. 1997) (finding officer was entitled to quasi-judicial immunity for carrying out judge's verbal command to handcuff plaintiff and remove plaintiff from courtroom). Thus, the Court finds that Plaintiff's objection should be overruled.

**C. Liberty Interest in House Arrest**

Judge Bryant recommends dismissing Plaintiff's Due Process claim because Plaintiff has failed to demonstrate that he was deprived of a liberty interest when he was arrested by Defendant. In his objections, Plaintiff argues that he had a liberty interest in being on house arrest for approximately eight more days before he was supposed to surrender himself into ADC custody.

In order to prevail on a Due Process claim, Plaintiff must first demonstrate that he was deprived of life, liberty, or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Although convicted persons do not shed all constitutional rights, lawful incarceration brings about the necessary limitation of many privileges and rights justified by the consideration underlying our penal system. *Sandin v. Conner*, 515 U.S. 472, 485 (1995). "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005).

4

In the instant case, Plaintiff was on house arrest and was set to turn himself in to begin a term of imprisonment in approximately eight days. Then, pursuant to a judicial order, Plaintiff was lawfully arrested for violating the terms of his house arrest. There is no liberty interest associated with a transfer to more adverse conditions of confinement. *See id.* Thus, Plaintiff had no cognizable liberty interest in remaining on house arrest. Accordingly, the Court finds that Plaintiff's objection should be overruled.

The Court has conducted a *de novo* review of the remainder of the Report and Recommendation and finds no reason warranting a departure from Judge Bryant's recommendations.

## CONCLUSION

For the above-stated reasons, and upon *de novo* review, the Court adopts the Report and Recommendation. (ECF No. 67). Accordingly, the Court finds that Plaintiff's Motion for Summary Judgment (ECF No. 52) should be and hereby is **DENIED**. Defendant's Motion for Summary Judgment (ECF No. 55) is hereby **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 13th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge